## OBED BAKER *vs.* INHABITANTS OF DEDHAM.

Upon the laying out of a turnpike by the county commissioners as a public highway, the town is not bound by law, or by any previous agreement of the turnpike corporation, and cannot be required by the commissioners, to keep in repair the private way of an individual passing under it.

Payment by a town for repairs made by order of one of the selectmen on a way, which the town is under no obligation to keep in repair, will not bind the town to keep it in repair thereafter.

ACTION OF TORT for injuries suffered by the plaintiff's cow, in passing through a dry bridge or cattle pass under a highway in Dedham. At the trial in the superior court, there was evidence of the following facts :

In 1806 and 1807, the Hartford and Dedham Turnpike Corporation built their turnpike through a pasture in Dedham, then owned by Timothy Baker, whose devisee the plaintiff was, and who, before the road was built, agreed to give them his land for the purpose, provided they should build him a dry bridge under the road, where it crossed the pasture, and pay him a certain sum per rod for fencing each side of the road through his land, in full of all damages. The turnpike was then built with a dry bridge or cattle pass, wide enough for cattle to pass through, from one part of the pasture to the other, under the travelled part of the turnpike, and the strip of land over which it was built was conveyed by Baker to the corporation in consideration of a gross sum "in full for all damages whatever, except the privilege of passing and repassing under the dry bridge now made across the said road."

The turnpike corporation kept this bridge in repair until the year 1828, when, upon their petition, the county commissioners laid out parts of the turnpike, including all of it in Dedham, as a common highway, and ordered the towns through which the highway passed to put the same in repair and order, " in a manner sufficient to insure the safety and ordinary accommodation of the travel having to pass thereon." In 1842 the defendants paid twenty seven dollars and fifty six cents for repairs made upon the bridge in 1839 and 1841 by order of one

of the selectmen. The bridge afterwards settled and became narrower, and in consequence thereof in 1858 one of the plaintiff's cows attempting to pass under the bridge had the hair and skin torn from her sides.

Upon this evidence, *Brigham*, J. ruled that the defendants were under no obligation to keep the bridge in repair so that the plaintiff's cattle could pass through, and directed a verdict for the defendants, which was returned, and the plaintiff alleged exceptions.

*E. C. Baker*, for the plaintiff.

*W. Colburn*, for the defendants.

CHAPMAN, J.* It is well settled that the obligation of towns in respect to ways is wholly created by statute. When a highway is laid out and established by the county commissioners, all that towns have to do is, either to cause it to be made to the acceptance of the commissioners, or to pay the expense which the commissioners shall incur in causing it to be made. In this respect, they have their choice. After it is made, their remaining duty is to keep it in repair, so that it shall be safe and convenient for travellers. But there is no statute requiring them to keep in repair the private ways of individuals which may lead into it or pass under it.

The plaintiff has a private way passing under the highway in question, and this action is brought against the town for not keeping that way in repair. There being no statute requiring them to do this, the action cannot be maintained. The case is not strengthened by the contract made by the turnpike corporation with the plaintiff; for when the county commissioners laid out the turnpike as a highway, they had no authority to transfer the duty of performing this contract to the town, nor does it appear that they attempted to do so. And even if the town had authority to bind themselves to the plaintiff by agreement to keep his way in repair, there is no evidence tending to show that they have made such an agreement.

*Exceptions overruled.*

---

* METCALF, J. did not sit in this case.